## JOHNSON *v.* FERRIS & TRUSTEE,

Gambling being against public morals, is declared a crime, while a bet or wager being against the public policy is declared void.

The legislature intended to discourage and discountenance betting as improper though the act is not made criminal.

Money paid to hire or procure another to make a bet or wager cannot be recovered back.

This is assumpsit by Horace Johnson against Edwin C. Ferris and trustee to recover the sum of three hundred dollars, money had and received. Writ dated March 18, 1868. Prior to the March election of 1868, one Patterson, in behalf of the plaintiff, offered to give the sum of three hundred dollars to any one who would bet the sum of one thousand dollars even on the then next state election; the defendant agreed to make the bet, and thereupon the plaintiff paid to the defendant the sum of three hundred dollars; and the plaintiff and defendant then made the bet of one thousand dollars, each of them depositing one thousand dollars in the hands of the stake-holder. The three hundred dollars sought to be recovered in this suit was part of the money which the defendant deposited in the hands of the stake-holder to make up his one thousand dollars. After the election, the defendant refused to allow the money in the hands of the stake-holder to be paid over to the plaintiff, and brought a suit against the stake-holder to recover it back. The plaintiff thereupon demanded of the defendant said sum of three hundred dollars, which he refused to pay over, when this suit was brought. This

case was submitted to the court upon the foregoing statement of facts, reserving to either party a jury trial without prejudice from anything herein. Upon the foregoing statement the court ruled *pro forma* that plaintiff could not recover, to which ruling plaintiff excepted, and the questions of law arising on this case were reserved.

*Cross*, for plaintiff.

*Little & Osgood*, and *Clark & Huse*, for defendant.

SARGENT, J. If this contract and the payment of the three hundred dollars had no connection with any wager how would the case stand?

The plaintiff, through his agent, offered to give the sum of three hundred dollars to any one who would bet a thousand dollars even on the next state election. The defendant agreed to make the bet, and thereupon the plaintiff paid him said sum of three hundred dollars, whereupon the plaintiff and defendant made the bet of one thousand dollars each (being an even bet) upon the result of said election and each deposited his one thousand dollars in the hands of the stakeholder. The defendant has performed all that he was required by the plaintiff's offer to do, and all that he agreed to do, as the consideration for said payment. There was nothing in the plaintiff's offer, or in the defendant's contract to prevent the defendant from availing himself of all his legal rights, after the bet should be accepted and the money put up, but the defendant made his bet just as he agreed to do, in consideration of his three hundred dollars, aside from the wager then, this plaintiff could not recover back this money, because he had received the full consideration for which he offered to pay the money.

But it is claimed that here was a wager, and that for that reason, the plaintiff may recover back the money, chap. 254, sec. 12, Gen. Stats., provides that "all bets and wagers upon any question where the parties have no interest in the subject, except that created by the wager, are void, and either party may recover any property by him deposited, paid or delivered upon such wager or] its loss, and repel any action brought for anything, the right or claim to which grows out of such bet or wager." Sec. 13 provides that "if any person shall receive any money or property, won by him upon any bet or wager, as aforesaid, he shall be liable to the person losing the same in an action of assumpsit, trover or other form proper to recover the same, and any security given for the payment of such loss shall be void."

It is claimed that in this case the three hundred dollars, was received by the defendant from the plaintiff upon a bet or wager and that under the 13th section aforesaid, it may be recovered back by plaintiff. But it was not money *won* upon any bet or wager, as is provided for in said section, nor was it any security given for the payment of any such loss. This ground is not therefore tenable for

the plaintiff. It is provided in sec. 12, that either party may repel any action, brought for any thing, the right or claim to which grows out of such bet or wager, and this defendant claims that he may repel and defend the action upon that ground. But this payment of three hundred dollars, can hardly be said to grow out of a bet or wager, in any proper sense. Instead of growing out of such bet or wager, that is, resulting from or having its origin in and proceeding from such bet or wager, this payment was the producing cause of the wager. The wager grows out of, or resulted from this payment and not the payment from the wager. It would be simply substituting cause for effect, to say that this payment grew out of the wager. The wager rather grew out of this contract and payment. This suit cannot therefore be defended upon that ground,

It is settled in *Cutler* v. *Welch*, 43 N. H. 497 ; that no person can recover money which he has knowingly lent to another, to be used for the purpose of gambling, see authorities on page 498, now the distinction between gambling and betting (unless the betting be upon the sides or hands of those who are gambling, ch. 254, sec. 7. Gen. Stat.) is that gambling is made an offence and is punishable by fine and imprisonment, while the statute simply declares that all bets and wagers shall be void, gambling is made penal, betting is simply made void.

A man who is a party to a bet or wager, does not do a criminal act but a void act, one that does not bind him or anybody else. We have no doubt that the intention of the law was to discourage and discountenance the practice of betting, as being against public policy, though it may not be like gambling so contrary to public morals as to be made a crime. But the policy of the law being to discountenance betting as against public policy, we cannot see why a party should recover back money, which he knowingly and voluntarily pays to induce or hire another to bet, any sooner than he can the money which he lends to another to be used in gambling. In the one case he is accessary to the commission of an offence, and in the other he procures another to do an act which is discountenanced as against public policy, though not made criminal. We think that a party who knowingly pays his money to hire or procure the doing of what the law discountenances as improper, though it may not be criminal, cannot recover back the money so paid and that in such a case, *potior est conditio possidentis*.

We regard it as immaterial that the three hundred dollars paid to the defendant by the plaintiff, was afterwards used by the defendant as a part of the one thousand dollars which he deposited with the stake-holder. If when it passed to the defendant the plaintiff's claim to it ceased, and he lost all right to recover it back, as we think he did, it is immaterial to what use the defendant applied it. If he applied it to an improper or an illegal use, it would not change or effect the plaintiff's right.

*Plaintiff nonsuit.*